UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED

FEB 1 5 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-167-GWU

JOEL MILAM,                                                          PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Supplemental Security Income (SSI).   The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which

appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely

3

using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Joel Milam, was found by an Administrative Law Judge (ALJ) to have a "severe" impairment due to being status post diskectomy with a recurrent herniated nucleus pulposus. (Tr. 18). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform a significant number of jobs existing in the economy and, therefore, was not entitled to benefits. (Tr. 18-22). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's work background in heavy, unskilled construction work could perform any jobs if he were limited to light level exertion. (Tr. 270). No non-exertional restrictions were given. (Id.). The VE responded that there were jobs

4

that such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Id.).

Ultimately, however, the ALJ limited the plaintiff not only to light level exertion, but also never climbing ladders, ropes, or scaffolds, occasionally climbing ramps and stairs, stooping, kneeling, crouching, or crawling, and needing to avoid concentrated exposure to vibration. (Tr. 18). This was consistent with the agency's non-examining medical reviewers Timothy Gregg and John T. Rawlings, who gave opinions in September, 2002 and January, 2003, respectively. (Tr. 183-9, 220-7). Although the ALJ cited the VE's testimony as supporting his conclusion that there were a significant number of jobs that the plaintiff could perform, the absence of the non-exertional restrictions in the hypothetical question limited the value of the VE's testimony. Social Security Ruling 85-15 does indicate that where a claimant "has some limitation in climbing and balancing *and it is the only limitation*, it would not ordinarily have a significant impact on the broad world of work." SSR 85-15, p. 6 (emphasis added). Since the plaintiff was found to have numerous non-exertional restrictions besides climbing and balancing, however, the combined effect of all of the non-exertional limitations should have been considered by the VE.

An additional factor requires a remand. The ALJ stated in his decision that he found the claimant's allegations of constant, disabling back pain following his April 16, 2002 lumbar spine surgery by Dr. Deborah Blades to be not credible, citing

5

a subsequent office note indicating "tremendous improvement" in back pain as well as the claimant's refusal to follow his neurosurgeon's advice to pursue pain management, the neurosurgeon's refusal to list any permanent restrictions, and a recent physical examination by Dr. Mark Burns which showed "no functional or neurologic deficits." (Tr. 18). The ALJ had noted in an earlier portion of the decision that Dr. Blades had summarized her patient's treatment in a letter dated July 2, 2002, which stated that he had improved after surgery but still had burning pain of both lower extremities, and assessed that he would be "disabled for no less than one year." (Tr. 17, 148). As the Sixth Circuit has recently noted, the Commissioner's own regulations require her to " 'give good reasons' for not giving weight to a treating physician in the context of the disability determination." Wilson v. Commissioner of Social Security, 378 F.2d 541, 544 (6th Cir. 1994). In the present case, neither the ALJ nor the state agency reviewing sources discussed Dr. Blades' opinion. The omission is all the more strange, given that the ALJ cited Dr. Blades' failure to give permanent restrictions as a reason to doubt the plaintiff's credibility. Moreover, a letter from Dr. Blades' office made it clear that the physician "does not do functional capacity evaluations." (Tr. 237). To draw an invidious conclusion from her failure to give functional restrictions under these circumstances is dubious. As for the plaintiff's failure to obtain treatment at a pain magagement clinic, also criticized by the ALJ, the plaintiff's testimony and evidence from third

MILAM

parties was that he would have liked to do so, but could not afford it. (Tr. 101, 118,

260).

Finally, Dr. Burns' examination, although not primarily relied on by the ALJ,

is missing its first page in the Court transcript, a matter that can be addressed on

remand.

The decision will be remanded for further consideration.

This the $/5$ day of February, 2006.

G. WIX UNTHANK,
Senior Judge

7